[No. 15840.    Department Two.—April 30, 1895.]

# E. E. THOMAS FRUIT COMPANY, APPELLANT, v. GEORGE H. START ET AL., RESPONDENTS.

CONTRACT FOR SERVICES — DRYING OF PRUNES — IMPLIED OBLIGATION OF SKILL.—Under a contract to render services for another in the drying of prunes, without specifying in the contract the degree of care or skill to be employed for the purpose, there is an implied obligation to dry the prunes in a proper and skillful manner, under the provisions of sections 1983 and 1984 of the Civil Code.

ID.—ACTION FOR SERVICES—COUNTERCLAIM FOR NEGLIGENCE AND WANT OF SKILL.—In an action to recover promised compensation for the drying of prunes the defendants may counterclaim damages sustained by reason of the negligence and want of skill of the plaintiff in the performance of the contract, whereby the prunes were injured.

ID.—FAILURE TO USE CARE AND SKILL—FINDING—CONFLICTING EVIDENCE. Where the evidence conflicts as to the failure of the plaintiff to exercise care and skill in drying the fruit, a finding of such failure will not be disturbed upon appeal, especially where the evidence appears to preponderate in favor of the conclusion of the trial court.

Id.—Effect of Sale of Dried Prunes at Usual Prices—Liability for Want of Care.—The circumstance that the defendants sold at usual prices a large part of the prunes dried by the plaintiff, and incurred no loss as to the portion sold, though it may be relevant evidence, and proper for consideration upon the question whether the value of the prunes was really lessened, and to what extent, cannot overcome a finding sustained by evidence that plaintiff failed to exercise care and skill in drying the fruit, nor exempt plaintiff from responsibility to the defendants for want of care and skill.

Id.—Evidence—Boxes of Dried Prunes.—Boxes of prunes dried by the plaintiff, being a finished and separable part of the manufactured product, the character of which was in question, may be properly received in evidence for the defendants; and the question whether they were fair samples or not goes only to the weight of the evidence and not to its admissibility.

Appeal from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial.

The facts are stated in the opinion.

*S. G. Tompkins,* for Appellant.

*Crandall & Biddle,* for Respondents.

Britt, C. — Plaintiff, a corporation, brought this action to recover of defendants the sum of six hundred and three dollars and ninety cents, claimed to be due from them as the compensation they had promised to pay plaintiff for drying a quantity of prunes—something over eighty-six tons—at the agreed rate of seven dollars per ton. Regarding its own undertaking, plaintiff, in its complaint, alleged merely that it agreed to dry the prunes for defendants, without specifying the degree of care or skill it should employ for that purpose. Defendants in their answer averred that plaintiff contracted to dry and cure the prunes " in a first-class manner," but failed to do so, and so negligently performed its contract that its services were of no value; as a counterclaim, defendants further alleged, in effect, that, by reason of the negligence and want of skill of plaintiff in the performance of its contract, the prunes were injured, and defendants thereby sustained damage in the sum of

fifteen hundred and twenty-five dollars, for which they prayed judgment.

The court found, among other things, that, by the contract between the parties plaintiff agreed to dry the prunes in a proper and skillful manner; that the sum due for plaintiff's services at the contract rate was six hundred and three dollars and ninety cents; that the prunes were injured by the careless and unskillful manner in which plaintiff performed its engagement, to the damage of defendants in the sum of six hundred and seventy-five dollars. Judgment was given in favor of defendants and against plaintiff for the difference between the two sums last mentioned, amounting to seventy-one dollars and ten cents, and their costs. Plaintiff appeals from the judgment and an order denying a motion for new trial.

From the statement of the case used on such motion it seems to have been virtually conceded at the trial that the prunes as cured were of inferior quality for fruit of that class; plaintiff maintained that such inferiority occurred on account of the overripe or other unfit condition of the green fruit when received by it from defendants; while defendants contended that it was produced by plaintiff's unskilled or negligent treatment of the fruit; on the question thus made the testimony of some fifty witnesses was introduced.

There was proof that defendants, after taking out about four tons of the most inferior dried fruit, had mixed the remainder with other fruit, and as so mixed sold a large quantity at regular prices without objection from the buyers on account of its condition.

During the trial defendants offered in evidence four boxes of the prunes dried by plaintiff for defendants as samples thereof; the offer was objected to on the ground that they were not shown to be fair samples, but on the contrary were shown to be prepared for the occasion; some witnesses testified in a general way that they were fair samples of the whole, and there was more detailed

evidence to the contrary effect.    The court overruled the objection, plaintiff excepting.

Appellant in its argument here questions the finding that plaintiff agreed to dry the prunes in a proper and skillful manner, as not justified by the evidence; but an obligation to that effect is implied from the terms of the contract itself as alleged in the complaint.    (Civ. Code, secs. 1983, 1984.)

It is also argued that the evidence does not sustain the finding of plaintiff's failure to exercise care and skill in drying the fruit; but, after perusal of the same as exhibited in the transcript, we think that it is not only conflicting, but that it preponderates in favor of the conclusion of the trial court.    The circumstance that defendants sold at usual prices a large part of the fruit cured by plaintiff, and so incurred no loss as to the portion sold, does not affect the correctness of that conclusion.    Proof of the circumstance referred to may have been relevant evidence and proper for consideration upon the question whether the value of the prunes was really lessened, and to what extent; but the dexterity —to employ a euphemism—of defendants in disposing of the product (thus possibly incurring liability in their turn to the purchasers) does not exempt plaintiff from its own responsibility to defendants.    (See *Hunt* v. *Van Duesen*, 42 Hun, 392; *Muller* v. *Eno*, 14 N. Y. 598; *Brown* v. *Bigelow*, 10 Allen, 244.)

The court did not err in admitting in evidence the boxes of prunes offered by defendants.    Being a finished and separable part of the manufactured product, the character of which was in question, they were "objects cognizable by the senses," and made "an item in the sum of the evidence" (Code Civ. Proc., secs. 1827, 1954), whether they were fair samples or not; if the proof showed that they were not such, that was a circumstance affecting the weight of the evidence, not its admissibility.    The court might have inspected the whole quantity of fruit cured, if accessible, and such

view could enlighten the question on trial; and so it had the right to inspect any part of it.

Appellant makes no other points for reversal. The judgment and order appealed from should be affirmed.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

          TEMPLE, J., McFARLAND, J., HENSHAW, J.