E. P. COHOON v. W. C. COOPER AND J. B. COOPER.

(Filed 12 September, 1923.)

**1. Pleadings—Counterclaim—Voluntary Nonsuit—Statutes.**

Where defendant's answer sets up a counterclaim arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of his action, existing at the commencement thereof, it becomes a cross-action, and both opposing claims must be adjusted in the action, and he may not take a nonsuit thereon as a matter of right, without the plaintiff's consent. C. S., 521 (1).

**2. Same—Verdict.**

Where the defendant has set up a counterclaim as allowed by C. S., 521 (2), as to a cause of action arising on contract, existing at the commencement of the action, and not embraced within the first subdivision of that section, he may, as a matter of right, take a nonsuit thereon at any time of the trial before verdict.

**3. Same.**

Where the jury have returned their verdict into court upon the issue as to defendant's counterclaim, and as to the others except one to which the judge had held no response was required, the defendant may not take a voluntary nonsuit as to the counterclaim he has set up in his answer. C. S., sec. 521 (1) and (2).

**4. Verdict—Inadvertence—Correction—Courts.**

It is proper for the judge to call to the attention of the jury, when they render their verdict, an inadvertence on their part in awarding a larger amount in their verdict than the plaintiff claimed in his action—in this case 95 cents.

APPEAL by defendant from *Connor, J.,* at April Term, 1923, of TYRRELL.

The action was brought upon notes given for a tract of land to secure payment of which the defendant executed a deed of trust upon all the crops cultivated upon said land. Growing out of the dealings between

the parties, there were three suits upon the docket which were consolidated and tried as one. There were eight issues submitted to the jury.

The last was for a counterclaim by the defendant for a credit for the value of 1,009 barrels of potatoes. The plaintiff claimed that the defendants had delivered to him only 596 barrels, and denied credit was due for the amount claimed by the defendant.

The jury came into the courtroom with their responses to the first five issues and to the eighth issue (the counterclaim). The court told them that upon the responses upon those issues it was not necessary to answer the sixth, but that they should retire and consider the evidence and answer the seventh issue.

While the jury were out on this instruction the defendant's counsel asked to enter nonsuit as to his counterclaim, i. e., the eighth issue, which the court refused. In a few moments the jury returned, having answered the seventh issue $663.96. The court remarked to the jury that the plaintiff contended for only $663.01 on that issue, and the entire jury, in response to an inquiry from the court, stated that it was their purpose to so answer the issue, and with their consent the court amended the reply to the seventh issue to read $663.01. The defendant excepted to the court receiving a verdict from the jury upon issue involving the counterclaim. Motion was denied, and the defendant excepted to receiving the verdict upon the eighth issue. Judgment upon the verdict as rendered and appeal by defendant.

*Thompson & Wilson for plaintiff.*
*T. H. Woodley and Aydlett & Simpson for defendant.*

CLARK, C. J. There are two counterclaims that can be set up under C. S., 521, i. e., 521 (1): "A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action." Such counterclaim must not only exist at the commencement of the action, but as to this, when it has been pleaded a nonsuit cannot be taken. The defendant "is not obliged to set up such counterclaim. He may omit it and bring another action. He has his election. But when he does set up his counterclaim, it becomes a cross-action and both opposing claims must be adjudicated. The plaintiff then has the right to the determination of the court of all matters brought in issue, and naturally the defendant has the same right, and neither has the right to go out of court before a complete determination of all the matters in controversy without or against the consent of the other." *Francis v. Edwards,* 77 N. C., 271; *Whedbee v. Leggett,* 92 N. C., 469; *McNeill v. Lawton,* 97 N. C., 20; *Yellowday v. Perkinson,* 167 N. C., 146.

The other ground of counterclaim, C. S., 521 (2), is "Any other cause of action arising also on contract and existing at the commencement of the action." As to such cause of action a nonsuit may be taken at any time before a verdict.

But even upon such counterclaim the defendant could not take a nonsuit except "before verdict." *Graham v. Tate,* 77 N. C., 120; *McKesson v. Mendenhall,* 64 N. C., 502. And in this case the verdict had been rendered as to all the issues except the sixth, as to which the judge held that there was no response required, and the seventh, as to which the jury were sent out for further deliberation. The verdict had been returned upon the eighth issue, which alone pertained to the counterclaim. But passing by that question, the defendant was not entitled at any time to take a nonsuit as to this counterclaim arising out of a "contract or the transaction set forth in the complaint as to the foundation of the plaintiff's claim, or connected with the subject of the transaction," as this was.

As for the correction by the jury in open court of the answer to the seventh issue by reducing it from $663.96 to $663.01, the court acted eminently proper in giving the jury the opportunity to correct their inadvertence and in accepting the correction. *Cox v. R. R.,* 149 N. C., 87; *S. v. Godwin,* 138 N. C., 582; *Bond v. Wilson,* 131 N. C., 505; *Cole v. Laws,* 104 N. C., 651.

Indeed, the court had the power to reduce the verdict of its own motion so long as the plaintiff, the party in whose favor it was rendered, did not object. *Isley v. Bridge Co.,* 143 N. C., 51. Even if the difference of 95 cents had been against the defendant the time of the court, both below and here, cost too much to the public to debate that matter, *De minimis non curat lex.*

These are the only errors assigned in the record.

No error.