**KELLY et al. v. SHAMROCK OIL & GAS CORPORATION et al.**

No. 12240.

United States Court of Appeals
Fifth Circuit.

Dec. 7, 1948.

Rehearing Denied Jan. 21, 1949.

E. T. Scott and Albert Smith, both of Amarillo, Tex., for appellants.

R. A. Wilson, of Amarillo, for appellee.

Before HUTCHESON, SIBLEY, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The suit, removed from the State court, sought to cancel for fraud a conveyance made June 16, 1941, by plaintiffs Henry M. Kelly and wife to the defendant Shamrock Oil & Gas Corporation of certain mineral land, and to secure an account of the gas taken therefrom. The fraud alleged was that the plaintiffs, living in Michigan, having previously made a gas lease on the land, and defendant Shamrock having acquired the lease, had as their agent and adviser in Texas regarding this and other land one Fowlston on whose advice they relied; the lessee Shamrock desired to buy this land, and knowing of Fowlston's connection with the plaintiffs colluded with him and hired him as its agent to secure a deed at an inadequate price, concealing this double agency in the transaction from plaintiffs; that Fowlston visited the plaintiffs in Michigan and ostensibly representing them only he by misrepresenting the value of the property, aided by Shamrock's reducing the quantity

of gas currently produced in order to indicate approaching exhaustion, and concealing the fact that the gas had recently been classed as sweet gas rather than sour gas as previously, sweet gas being more valuable, and by other misrepresentations, induced the plaintiffs to sell the property for much less than its true value. Shamrock's answer admitted that Fowlston was the trusted agent of plaintiffs, but denied that he at any time was the agent of Shamrock, or that Shamrock was responsible for any statements Fowlston may have made, or that it had conspired with him, or had concealed or misrepresented anything or breached any duty to plaintiffs, and averred it had dealt at arm's length with Fowlston as plaintiffs' agent; that the consideration paid was adequate; and if Fowlston's conduct was improper in any way plaintiffs rather than Shamrock were chargeable with it, he being their agent. By stipulation the issue as to the validity of the conveyance was first separately tried. Though this issue, as indeed the whole complaint, seems to be equitable, it was tried to a jury and a verdict was rendered for Shamrock. Plaintiffs having moved in the trial for an instructed verdict and after verdict having moved for a judgment non obstante veredicto, and for a new trial, these motions were denied, and upon the verdict judgment was entered for the defendant. This appeal followed.

▌ As to the sufficiency of the evidence the main question is whether Fowlston, concededly the agent of plaintiffs, was also employed secretly by Shamrock. Fowlston was paid by plaintiffs' son immediately after the transaction a commission of thirty-two hundred dollars. He was also paid by Shamrock on July 2, 1941, five hundred dollars, which Shamrock's vice-president testified was a commission, and a smaller sum for half the expenses of Fowlston's trip to see plaintiffs, the checks and stubs therefor so showing. The plaintiff Kelly testified that he was ignorant of this, so that there was seemingly a secret employment by Shamrock of the agent acting for the other party which would amount to a fraud in itself. Hawkins v.

Byrn, 150 Tenn. 1, 261 S.W. 980, 982; Peeples v. Georgia Iron & Coal Co., 5 Cir., 248 F. 886, 892; contrast Dockstader v. Brown, Tex.Civ.App., 204 S.W.2d 352, 356. But the expense sharing by Shamrock was mentioned in a letter from Fowlston to Kelly in January, 1941, just before the trip and several months before the trade was closed, and the vice-president of Shamrock also testified and proved by two letters from Kelly to Fowlston which Fowlston showed him that Kelly was asking Fowlston to get an offer of a net price to him, which meant that Fowlston was to get his commission by Shamrock's adding it to the price submitted to plaintiffs, and that the check for $500 was made to Fowlston on his statement that this was what plaintiffs owed him as commission; and that Fowlston was not employed by Shamrock and not authorized to do any act or make any representation for Shamrock. This evidence made a jury issue on this point and an instructed verdict and a judgment non obstante veredicto were properly refused. Also the requested charges to the effect that the mere receipt by Fowlston of money from both parties unknown to plaintiffs would invalidate the transaction, whether or not Shamrock colluded with Fowlston or employed him to act for it, were properly denied. The court's charge on this point that "Fowlston is to be regarded as the agent of the Shamrock Oil & Gas Corporation only if the plaintiffs have proven by a preponderance of the evidence that it employed Fowlston to act for it as its agent in this very matter" was correct; as was the general charge that if fraud on Shamrock's part was not proven there could be no recovery.

▌ Shamrock's reduction of gas output and its failure to advise plaintiffs of the recent use of the gas as sweet gas were circumstances for consideration by the jury, along with Shamrock's explanation that the change from sour to sweet gas classification occurred in December, 1940, before this negotiation started, by a public order of the Railroad Commission affecting ninety gas wells and was not private information which ought to have been disclosed, and that the reduction in produc-

tion resulted from complications in pipe line connections which resulted from the change. The charges refused and those given with respect thereto show no error. We think the case was fairly and fully presented to the jury on the essential issues. Fowlston, who was not called to testify though available, appears to have acted wrongly, but if he was neither employed by Shamrock, nor colluded with, but dealt with at arm's length as the agent of plaintiffs, his wrong conduct is not chargeable to Shamrock. The good faith of Shamrock in what it said and did apart from Fowlston is also established by the verdict on sufficient evidence.

No reversible error appearing, the judgment is affirmed.

### On Motion for Rehearing.

#### PER CURIAM.

The motion for rehearing makes the contentions that the question of dual agency of Fowlston, unknown to Kelly, was not sufficiently submitted to the jury; that the judge, this being an equity case, has not found that such dual agency did not exist; and has not made any fact findings at all. It urges that a new trial be ordered or that the judge be required to make independent fact findings.

The gravamen of the complaint was that Shamrock had fraudulently employed Fowlston who was the trusted agent of Kelly to obtain the title to the land by concealing his employment by Shamrock. The answer admitted that Fowlston acted as Kelly's trusted agent but denied that he was employed by Shamrock. Whether he was secretly employed by Shamrock was the main fact issue.

The Kellys duly demanded "a trial of said cause by jury in accordance with Rule 38 Federal Rules of Civil Procedure." 28 U.S.C.A. That rule relates to final jury trials, and not to the advisory verdicts under Rule 39. The Kellys were given what they demanded, no one objecting. We are of opinion that the issue of concealed double agency was adequately submitted. Under Rule 52 fact findings by the court are required only when an action is tried upon the facts without a jury. By Rule 39, after demand for jury trial has been made under Rule 38, such a trial is in order unless the parties consent to a trial by the Court, or the Court on its own initiative finds that a jury trial is not a right under the Constitution or statutes of the United States, or orders an advisory jury; and where there is no right of jury trial, by consent of both parties a jury trial may be ordered and the verdict has the same effect as if a jury trial had been a matter of right. The jury's verdict here is all that is necessary to support the judgment.

We are asked to hold that the judge disapproved the verdict and would himself have found otherwise, on a showing that on November 25, 1947, he signed a judgment on the verdict which contained the words, "and the court likewise concurring under the evidence in the conclusions reached by the jury"; but on December 12, 1947, he signed a corrected and modified judgment which eliminates the quoted words and adds a reference to motions for judgment and for a new trial made by plaintiffs which are expressly overruled. The motion for judgment referred to is that the court disregard the verdict because contrary to the evidence and the clear weight of it, and specifically because the evidence shows Fowlston's double employment and Kelly's ignorance of it. By overruling this motion we think the judge did not disapprove but approved the jury's findings and refused to enter a contrary judgment. The motion for a new trial contained similar grounds and was also overruled. The judge, having a clear discretion to grant a new trial if he thought the verdict wrong, thereby again approved it. Although this was an equity case we find nothing in the record that ought to deprive the verdict of the usual finality, or to require special fact findings by the judge.

Motion denied.