238 P.2d 457

**HOLLOWAY et al. v. EVANS et al.**

No. 5360.

Supreme Court of New Mexico.

Nov. 24, 1951.

George L. Reese, Sr., Roswell, Gilbert & Gilbert, Santa Fe, for appellants.

A. B. Carpenter, Roswell, for appellees.

COMPTON, Justice.

Appellees instituted this suit against appellants for damages and for injunctive relief. By cross-complaint, appellants seek damages from appellees and for injunctive relief.

The parties own contiguous tracts of land. Appellees own the east half of a quarter section and appellants, the west half. The general slope of appellants' land is toward the center of the quarter section to a low point slightly to appellees' side of the center point. An old drainage ditch once ran along the common boundary be- tween the tracts from the south boundary line to about the center of the quarter section, thence in an easterly direction to the east boundary of appellees' tract thence north to Rio Felix.

Appellees allege that appellants carelessly, recklessly, and wantonly allowed irrigation waters from their land to drain, run upon, and flood portions of appellees' land. They seek damages and a restraining order against such continued use. By answer, appellants deny the alleged wrongful and negligent acts and by cross-complaint, allege that some 30 years prior to the filing of the suit the predecessors in title of the parties jointly constructed the drainage ditch, previously mentioned, and that they and their predecessors had continuously operated and adversely used the same for more than 30 years and as a result, they had acquired a prescriptive right to its continued use. They further allege that in the Spring of 1948, appellees plowed up and blocked the drainage ditch between their properties, resulting in their land being flooded. They seek damages for the injury to their crops and for a mandatory injunction requiring appellees to reopen and maintain the ditch for proper drainage of their land.

The issues were tried to a jury and a verdict was rendered in favor of appellees. Following a denial of a motion for a new trial, judgment was entered awarding dam-

ages and granting a permanent injunction against appellants, from which they appeal.

Appellants urge numerous assignments of error, which they argue under the following points:

1. The Court erred in retaining the first purported verdict handed to the Judge, in instructing the jury that its action thereafter taken should be consistent therewith and entering a judgment thereon.

2. The judgment is without support in the evidence as to the defendant Alta Evans.

3. The Court erred in the terms of the permanent injunction.

4. The Court erred in admitting in evidence certain exhibits, cotton stalks.

The case was submitted to the jury on the issue of appellants' liability for damages alleged to have been caused by the negligent and willful flooding of appellees' land by irrigation waters, also on the issue of appellees' liability on the cross-complaint for damages alleged to have been caused through the wrongful closing of the drainage ditch.

When the jury retired, proper forms of verdicts were handed it. Thereafter, the jury returned into court a verdict which was later found to favor appellees. The court, without disclosing its contents, retained the verdict and sent the jury out to finish its deliberations as the jury had failed to determine the issues raised by the cross-complaint. The jury again returned into court at which time the following proceedings were had:

"The Court: I understand, gentlemen of the jury, you wanted some further instruction or information with reference to the decision to be made by you?

"The Foreman: Yes, sir.

"The Court: I think I understand where your difficulty is. Let me express it this way. This case was filed and tried as if there were two law suits. The plaintiff came in and filed a suit against the defendants in the case, instead of filing another case came right in the same case and filed a cross-complaint and asked for damages against the plaintiffs. *So one of your verdicts has to do with the plaintiffs' claim, and the other has to do with the defendants' claim. Is that clear?*

"Mr. Carpenter: May I make this suggestion that the Court clarify his remarks on the cross-complaint as to the parties.

"The Court: You might just say on the cross-complaint, just call them plaintiff and defendants. The man who is asking for damages on the cross-complaint is the defendant in the case, but in his cross-complaint he is called the cross-complainant. This is a case in which the defendant comes back and asks for damages against the

plaintiff. You have just two parties in a case, plaintiff and defendant. *It is agreed by counsel that you may be instructed that in the event you find for damages for one of the parties it will be presumed you will not find for damages for the other.* In other words, if you find for the plaintiffs on the one hand and against the defendants, your action will be the reverse on the other. It will not be presumed that both would recover a judgment for money.

"Mr. Carpenter: I would like for the Court to instruct the jury that in a cross-complaint the defendants are called cross-plaintiffs and the plaintiffs are called cross-defendants to more clearly identify them.

"The Court: In order that you may not be confused you are further instructed by way of explanation that in the cross-complaint, that is the claim filed by the defendant, and in the pleadings the defendant is referred to as the cross-complainant, and then the plaintiff is referred to as the cross-defendant. Because of the nature of the claim that is made it is a cross-complaint, the defendant is the cross-complainant and the plaintiff is the cross-defendant, but they are actually the same parties; there is a plaintiff and defendant. Have I made myself clear?

"The Foreman: May I read one of these verdicts?

"The Court: No, sir, because you have handed one in here and if you read what is remaining it will disclose what this verdict is here. *Just remember what action you take now should not be inconsistent with the action already taken by you.*" (Emphasis ours.)

Following the instruction, the jury again retired to deliberate, and shortly thereafter returned into court a verdict in favor of appellees on the cross-complaint.

Appellants contend that the jury should have retained control of the first verdict until it returned its verdicts on all issues. The point is made that the jury could have changed its first verdict when it retired to further deliberate. They rely upon the doctrine that the jury has the right and power to correct or change its verdict at any time before it has been finally recorded and the jury dismissed.

We find it unnecessary to pass upon the question whether the court erred in accepting successive verdicts, but in a proper case, there is ample authority to support the proposition. Schmidt v. Chicago City Ry. Co., 239 Ill. 494, 88 N.E. 275; Traders State Bank of Glen Elder v. Wooster, 159 Kan. 337, 154 P.2d 1017; Cohoon v. Cooper, 186 N.C. 26, 118 S.E. 834. But assuming, without deciding, that the court committed error, the question cannot be raised here because appellants failed to challenge the objectionable proceedings. They justify their failure to object on the ground that they were not advised whether the verdict

favored them or appellees. The argument is unsound. Ignorance of the contents of the verdict is beside the question. If they apprehended error in the retention of the verdict or in further instructing the jury it was their duty to object, whatever side the verdict may have favored. That they may have been ignorant of its contents did not deny them the opportunity to object. Moreover, it had been previously stipulated that both parties should not recover. We have held that a party may not speculate on the verdict of a jury and thereafter be heard to complain of error in a court of review. Laws v. Pyeatt, 40 N.M. 7, 52 P.2d. 127; State v. Lopez, 46 N.M. 463, 131 P. 2d 273.

Appellants argue that the judgment is without support as to appellant, Alta Evans. The issues were tried upon the theory that the Evans land was jointly owned and that the flood waters came therefrom. The complaint alleges ownership in both appellants. Appellants admit by their pleadings that they are joint owners. In this respect appellant, A. V. Evans, testified:

"Q. State where you live. A. I live south of town on my own place but I own this place in question, me and my wife.

"Q. But you and your wife own it? A. Yes, sir.

"Q. While you had your water on irrigation on July 14th, did you see Mr. Holloway? A. He came to our place, our home, and came to my wife and she said, 'you better see my husband' and I was at the filling station, and he came and told me about it and that was about one o'clock, and I immediately went and cut it off, and when I came back from the canal I came back and turned that head of water into my reservoir, but this water runs about twenty to thirty hours after that down the highway from flood waters."

This evidence amply establishes the relation of principal and agent regardless of ownership. While the issue seems to have been litigated, mere ownership of the property was not a material issue. The question was whether appellants carelessly, recklessly, and wantonly allowed waters to flood appellees' land. Under the well established rule that the principal is liable for the acts of his agent committed within the scope of his authority, appellant, Alta Evans, is equally liable.

The jury correctly resolved both questions against both appellants. The verdict of the jury was a sufficient finding to support the injunction. Hurwitz v. Hurwitz, 78 U.S.App.D.C. 66, 136 F.2d 796, 148 A.L.R. 226; Kelly v. Shamrock Oil & Gas Corporation, 5 Cir., 171 F.2d 909, certiorari denied 337 U.S. 917, 69 S.Ct. 1159, 93 L.Ed. 1727, rehearing denied 337 U.S. 950, 69 S.Ct. 1513, 93 L.Ed. 1752.

It is next contended that there is error in the terms of the injunction. Appellants claim that its terms are too broad, that they are permanently enjoined and restrained from allowing or permitting irrigation waters to drain, run upon, and flood the property of appellee. This contention is without merit. The case was tried on the theory of willful negligence and the judgment was in accord therewith. The courts recognize that beneficial use is the basis, the measure, and the limit of the right to use of water, Section 2, Article 16, Constitution of New Mexico, and that when waters are willfully and negligently allowed to run on lands of others, liability attaches. Pueblo De Sandia v. Atchison, T. & S. F. Ry. Co., 37 N.M. 591, 25 P.2d 818; Spurrier v. Mitchell Irr. Dist., 119 Neb. 401, 229 N.W. 273, 74 A.L.R. 884; Salt River Valley Water Users' Ass'n v. Blake, 53 Ariz. 498, 90 P.2d 1004. As we appraise its effect, the injunction is absolute only in the sense that it enjoins the willful and negligent flooding of appellees' property. The trial court, obviously, entertained the same view when it granted the injunction. Furthermore, no objection was made to the form of the injunction. The question cannot be raised here. 1941 Comp. § 19–201, Rule 46, our Rules of Civil Procedure.

Finally, appellants claim error in the admission of cotton stalks in evidence. Two stalks of cotton were taken from the flooded area and one taken from the area not flooded. Appellants challenge the admissibility of the cotton stalks, claiming that expert testimony was required to show the difference in the specimens produced from different tracts. We fail to see the relevancy of expert testimony. Appellee, C. O. Holloway, testified that he tried to pick average stalks of cotton that would represent the average yield and class and that they were fair samples or specimens of cotton, both of property which had not been flooded, and which had been. We think the exhibits were admissible. They were "objects cognizable by the senses" and made "an item in the sum of evidence." The weight of such evidence may be challenged, but not its admissibility.

The rule respecting "evidence by inspection" is stated at 32 C.J.S., "Evidence", § 601:

"Section 601. * * * Demonstrative or real evidence, or evidence by inspection, is such evidence as is addressed directly to the senses of the court or jury without the intervention of the testimony of witnesses, as where various things are exhibited in open court. * * *.

"Section 602. What the court will allow the jury to see for itself is largely within the administrative function of the judge who will permit the use of the court room for deviations from the usual routine of

trials only when satisfied that the interests of substantial justice warrant him in so doing. It is part of his function to decide necessary preliminary questions of fact, such as the identity of articles offered in evidence; and, having reached the conclusion that the information to be gained by inspection is relevant, the court decides, for example, whether the jury shall be granted or refused a view of real or personal property. The court may, in its discretion, refuse to compel a party to submit articles to the inspection of the jury. Demonstrative or inspection evidence should be received where it is both relevant and highly probative, and better evidence cannot reasonably be expected, and the dangers of its use are small in comparison to the advantages. * * * "

See also, E. E. Thomas Fruit Co. v. Start, 107 Cal. 206, 40 P. 336.

Appellants make the further point that the exhibits were inadmissible because it was not shown that they had not sustained any substantial change by reason of lapse of time or otherwise. It suffices to say that this point was not an issue in the lower court.

The judgment will be affirmed and it is so ordered.

LUJAN, C. J., and SADLER, and McGHEE, JJ., concur.

COORS, J., not participating.