Nash, J.
 

 In the admission of this evidence, we perceive no error. In general, witnesses must speak to facts, and their opinions are not evidence. There are, however, exceptions to the rule. On questions of science, or trade, and others of a similar character, persons of skill are permitted to give their opinions in evidence. Medical men are suffered to give their opinion as to the state of a patient, whom they have seen ; and they are often called on to listen to a description, given by other physicians, of the symptoms of a patient, whom they have not seen, and then to give their opinion. In the case of
 
 Beckwith
 
 v.
 
 Sydebotham,
 
 1 Camp. 117, ship-carpenters were permitted to state their opinion of the sea-worthiness of a vessel from examining a survey, made by others, at which they were not present. In
 
 Beverly
 
 v.
 
 Williams,
 
 4 Dev. & Bat. 236, a witness was permitted to give his belief, as to, the identity of persons. In all these cases of science and skill, the opinion of the witness is admitted as evidence, upon the ground, that he is conversant with the business, to which he is called to testify, and has, therefore, peculiar knowledge concerning it. The Court must first be satisfied from the examination of the witness himself, or of others, that he stands in that situation, which renders his opinion in the case evidence — the degree of weight, to which it is entitled, belongs exclusively to the jury. In the present case we think the evidence was competent. Neither of the wit
 
 *283
 
 nesses was a ship-carpenter, but one had worked part of a year in a ship-yard, and had been the owner of vessels for many years, and thought himself well acquainted with their value. The other “had been the owner of a vessel fifteen years and had worked considerably in repairing old vessels.” The Court judged rightly in permitting the testimony to go to the jury to be judged of by them as to its importance.
 

 It was insisted by the defendants, that, as the plaintiff did not call for the vessel until the 5th of July, he was entitled to recover only what she was worth from that time until the 17th, when she was delivered; and that interest upon the value was a matter of discretion with the jury. His Honor instructed the jury, that, as by the contract, the repairs were to be finished by the 1st of June, if she was not then ready, the plaintiff had a right to recover what the freight of the vessel was worth from that time until the 17th of July, when she was delivered, with interest, <£-c. We concur with his Honor, as to the time, at which the plaintiff’s right to recover damages commenced. The defendants were bound by their contract to have her ready on the first of June. She was not then ready, and at that time the contract was broken, and his right of action accrued. As to the interest, we give no opinion, as the plaintiff has remitted it, and moved that the judgment be affirmed upon the payment of the costs of this Court. The defendants do not except to the rule stated by the Court, by which they were to be governed in assessing the plaintiff’s damages, to-wit: the freight of the vessel, but to the time. This objection has already been noticed.
 

 Per Curiam.
 

 Judgment affirmed.