ISLEY v. BRIDGE COMPANY.

(Filed November 13, 1906).

*Negligence—Instructions—Reducing Verdict—Power of*
*Court—Damages, Excessive and Inadequate.*

1. In an action for injuries sustained from the breaking of a chain used
   in lifting heavy weights, where the only theory of negligence pre-
   sented by the plaintiff's evidence was that the defendant in not
   having the chain properly annealed had allowed the metal to become
   crystallized, and there was evidence on the part of the defendant
   tending to prove that the broken link had not become crystallized,
   the Court erred in declining to give defendant's special instruction
   that "if the jury find from the evidence that the link of the chain
   was not crystallized they should answer the first issue as to negli-
   gence 'No.' "

2. The trial Judge has no power to reduce a verdict without the consent
   of the party in whose favor the verdict is rendered.

3. When the trial Judge thinks an injustice has been done it is his duty
   to set aside the verdict, and he may set it aside as to damages
   either excessive or inadequate.

ACTION by Warren W. Isley against the Virginia Bridge
and Iron Company, heard by *Judge G. S. Ferguson* and a
jury, at the May Term, 1906, of the Superior Court of
ALAMANCE. From the judgment rendered, both parties
appealed.

*J. T. Morehead* and *W. H. Carroll* for the plaintiff.
*Brooks & Thomson* and *Parker & Parker* for the defend-
ant.

BROWN, J. This cause was tried upon the issues submit-
ted upon the first trial, and we refer to the former report for
the facts (141 N. C., 221).

On the second trial the defendant requested the Court to
charge the jury: "If you find from the evidence that the
link of the chain in evidence was not crystallized, then I

charge you to answer the first issue 'No.'" The Court declined to give this special instruction, and defendant excepted.

The only theory of negligence presented by the plaintiff was that the chain suspended from the trolley and used in moving heavy pieces of iron had not been occasionally annealed, in consequence of which it had become crystallized, which caused it to break and drop the iron upon plaintiff's leg. The testimony of Albright and Turrentine, plaintiff's witnesses, tends to prove that the use of chains in lifting heavy weights tends to crystallize the links, or some of them; that the method used to prevent this is by annealing the metal, and that this chain had become crystallized. There is no other evidence of negligence, and plaintiff does not undertake to account for the breaking of the chain upon any other theory.

The defendant offered evidence tending to prove that the broken link had not become crystallized and that the occurrence was an accident and was not occasioned by any negligence of its agents.

In presenting defendant's contentions the only charge the Court gave was as follows: "If an inspection could not have discovered any defect in the chain, that is, would not have discovered that the chain had become crystallized and brittle, if it was crystallized, and liable to break in its use, and if you should fail to find from the evidence that it was necessary to anneal the chain, or that if the chain had been annealed it would not have broken, you will answer the first issue 'No.'"

It is contended that the defendant's prayer for instruction was inferentially given. This is not sufficient. The Court should have given the prayer definitely and with certainty. The defendant was entitled to that, for it is plain to us that if the chain had not become crystallized, the occurrence was an accident, "an event from an unknown cause," which rea-

sonable care could not guard against. There is no evidence that the link was worn so badly as to be dangerous, or that the chain was of inferior quality, but the case was tried upon the theory that defendant by its negligence in not having it properly annealed had allowed the metal to become crystallized.

His Honor declined to set aside the finding upon the issue of damages, upon motion of the defendant, upon the ground that the amount was excessive, but reduced the amount to $1,500. The plaintiff tendered judgment for $2,000, which the Court refused to sign, and plaintiff excepted and appealed. This must have been an inadvertence upon the part of the able Judge who tried this case. In view of the disposition we have made of the defendant's appeal a new trial is necessary, but we deem it proper to say that in this State Judges of the Superior Courts have no power to reduce verdicts without the consent of the party in whose favor the verdict is rendered. *Shields v. Whitaker,* 82 N. C., 523. When the trial Judge thinks an injustice has been done, it is his duty to set aside the verdict, and he may set it aside as to damages either excessive or inadequate. *Benton v. Collins,* 125 N. C., 83. Let costs of defendant's appeal be taxed against plaintiff and costs of plaintiff's appeal be taxed against defendant.

New Trial.