C. F. YOUNCE *v.* BROAD RIVER LUMBER COMPANY.

(Filed 17 May, 1911.)

1. Evidence — Deposition — Presumptions — Regularity — Commissioner's Relationship.

The presumption is that a deposition has been properly taken when it appears thereon that it was taken by one named in the commission on the day and at the designated place; and a motion to quash the deposition will be denied when the motion is put upon the ground that the certificate of the commissioner was irregular in failing to state that he was of kin to neither party, the burden being upon the movant to show that he was.

2. Corporations—Officers—Declarations—Hearsay Evidence.

Declarations of officers of a corporation are competent as evidence against the corporation only when made in the line of their official duty and while discharging it in reference to a transaction for the company complained of; declarations otherwise made are hearsay and objectionable as evidence against the principal.

3. Evidence—Expert Witness—Sawing Lumber—Cost.

In an action to recover damages for cutting lumber for defendant in a certain county, laid as the difference between the contract price therefor and the cost of cutting, evidence as to the cost of cutting by a witness who has had experience in cutting lumber in that county under conditions like those existing at the location in question is competent, though the witness has had no experience in such work at the exact place.

APPEAL from *Webb, J.,* at the August Term, 1910, of RUTH-ERFORD.

Civil action to recover damages for an alleged breach of contract entered into between the plaintiff and defendant by which the plaintiff undertook to cut and saw certain timber for defendant and manufacture it into lumber. These issues were submitted:

1. Did the plaintiff saw the timber for defendant in accordance with the contract made between them? Answer: Yes.

2. Did the defendant wrongfully prevent plaintiff from performing his contract with it as alleged? Answer: Yes.

3. What damage, if any, is plaintiff entitled to recover? Answer: Eight hundred ($800).

From the judgment rendered the defendant appealed.

*McBrayer, McBrayer & McRorie for plaintiff.*
*S. Gallert and Justice & Broadhurst for defendant.*

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.*

BROWN, J. The defendant moved to quash the deposition of J. Middleby, Jr., a witness for plaintiff, upon the ground that the certificate of the commissioner was irregular in that it failed to state that the commissioner was of kin to neither party. Revisal, sec. 1652.

It is not necessary that this should appear upon the face of the certificate, although it is a requirement of the statute in the selection of a commissioner. It is ground for quashing the deposition unless waived by previous conduct of a party, and the burden of proof to establish the relationship would be on the one making the motion.

It appearing that the deposition was taken on the day fixed, at the place named and by the person designated in the order, the presumption, in the absence of evidence to the contrary, is that all things were done rightly. *Gregg v. Mallet,* 111 N. C., 76; *Street v. Andrews,* 115 N. C., 421.

The second and third exceptions are to the ruling of the

court in allowing the witness Middleby, whose deposition was taken, to testify to a conversation in Reading, Pa., with one Clements, vice-president of the defendant company.

We are of opinion that the testimony was both incompetent and prejudicial to the defendant. It was not a declaration by an officer of the company made in the line of his official duties while acting for the company in the particular transaction, nor was the alleged statement any part of the transaction between plaintiff and defendant.

It is hearsay testimony, and falls within no exception to the rule that such evidence is incompetent.

It is well settled that the declarations of officers of a corporation are competent only when made in line of declarant's official duty and while discharging it in reference to a transaction for the company. 20 Century Digest "Evidence," sec. 916; 16 Cyc., 1020; 10 Cyc., 947.

It is said in *Smith v. R. R.*, 68 N. C., 114: "But if his right to act in the particular matter has ceased, his declarations are mere hearsay which do not affect the principal. Cases in support of this proposition may be found in abundance with but little industry." See also *Williams v. Williamson*, 28 N. C., 281; *Howard v. Stubbs*, 51 N. C., 372; *McCombs v. R. R.*, 70 N. C., 178; *Rumborough v. Imp. Co.*, 112 N. C., 751.

The fourth and fifth exceptions relate to the issue of damages.

The plaintiff's alleged damages were measured by him between the contract price of sawing the timber into lumber and what he contended was the cost of doing so.

The defendant offered, as a witness on the cost of doing the work, a man who had eighteen or twenty years of experience in the saw-mill business, and was so engaged in 1906 and 1907, the year in which the breach is alleged to have occurred, and had manufactured lumber in some smooth and some rough land in the western part of Rutherford County.

We think his Honor erred in excluding the evidence. It is true the witness had never been on this particular land, but he had expert knowledge of the cost of sawing and manufacturing lumber upon both smooth and mountainous lands in Rutherford

155—16

County. It was proper for him to state the average cost of sawing and manufacturing lumber as a fact in his experience to be considered by the jury and given such weight as in their opinion it was entitled to. *Wilkerson v. Dunbar,* 149 N. C., 28, and cases cited; McKelvey on Ev., p. 230.

New trial.