JOHN GAFFNEY, RESPONDENT, v. WILLIAM H. ILLINGS-
WORTH, APPELLANT.

Argued March 13, 1917—Decided June 18, 1917.

1. Under the Practice act (*Pamph. L.* 1912, *p.* 377, § 32), and rules 72 and 73 annexed, and Supreme Court rules, 1913, Nos. 131, 132 and 219, a judge of the Circuit Court has power to grant a new trial because of inadequate damages awarded by the verdict of a jury, and, under rule No. 122, to impose terms that if the defeated party pays a certain sum within a specified time, the rule to show cause why a new trial should not be granted shall be discharged, otherwise made absolute. *Semble:* that the trial court could impose such terms without the aid of statute or rule of court.
2. The granting of a new trial rests in the sound discretion of the trial court, and, as it does not settle definitively the rights of the parties, it is not appealable.

---

On appeal from the Essex County Circuit Court.

For the appellant, *M. Casewell Heine.*

For the respondent, *Grosken & Moriarty.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This action was brought in the Essex County Circuit Court for damages for personal injury suffered by the alleged negligence of defendant. It was tried before Judge Dungan and resulted in a verdict for the plaintiff in the sum of $190.25, and costs. Rules to show cause were taken by plaintiff and defendant, respectively, and, upon argument, the court discharged defendant's rule and made an order granting to plaintiff a new trial as to damages only, provided, that if the defendant paid $480.50, within ten days, the plaintiff's rule should be discharged. The defendant did not make the payment, and the plaintiff's rule became absolute. The propriety of the Circuit Court judge's action in this regard is drawn in question by the appeal.

The defendant argues that upon common law principles a trial court has no power to set aside a verdict as *inadequate* and to grant a new trial *as to damages only*. Without pausing to consider the force of these particular objections, a perfect answer is found in the Practice act (*Pamph. L.* 1912, *p.* 377), which provides, in section 32, that the Supreme Court shall prescribe rules for that court and for the Circuit and Common Pleas Courts, and that such rules shall supersede (so far as they conflict with) statute and common law regulations theretofore existing, and that, until such rules be made, the rules thereto annexed shall be deemed the rules of the court. Rules 72 and 73 (at *p.* 397) are as follows:

"72. In case a new trial is granted it shall only be a new trial of the question or questions with respect to which the verdict or decision is found to be wrong, if separable.

"73. When a new trial is ordered because the damages are excessive or inadequate, and for no other reason, the verdict shall be set aside only in respect of damages, and shall stand good in all other respects."

The Supreme Court in 1913 made rules to take effect December 1st, 1913, and, among them, adopted rules 72 and 73 annexed to the Practice act (1912), making them rules 131 and 132 of those then promulgated, and provided in rule 219

that the rules of the Supreme Court should, so far as appropriate, be applicable to the practice of the several Circuit Courts. The appropriateness and applicability of these rules cannot be doubted. Therefore, the trial judge had the right to grant a new trial on the sole question of the inadequacy of the damages by virtue of the statute and rules mentioned, the question of damages being clearly separable from that of liability; and the only question remaining is, had he the power to couple the rule for a new trial with terms, namely, that if the defendant paid a certain sum within a specified time, the rule should be discharged?

Counsel for appellant contends that the imposition of the terms mentioned upon the defendant was unwarranted. He cites no authority to sustain this proposition.

Quite aside from any question of the court's inherent power to impose terms, the appellant is here again met with a positive rule of the Supreme Court, which provides that the judge to whom an application for a rule to show cause whether a new trial should be granted, shall exercise the same discretion in granting such rule as was then exercised by the court, and shall prescribe the terms, that is, the terms upon which the rule may be granted. *Supreme Court Rules*, 1913, *No.* 122.

The power of the court in granting a new trial upon the ground that the damages are *excessive*, upon terms that a new trial shall be had unless the plaintiff will accept a certain sum named, less than that awarded by a verdict, is too well established to be questioned. It would seem to follow, by parity of reasoning, that when a new trial is granted because the damages are inadequate, the court may impose like terms, that is, terms to the effect that if the defeated party will pay a certain sum, greater than that awarded by the verdict, the rule will be discharged; subject, doubtless, to the power of an appellate court to vacate any such terms when they appear to be an abuse of discretion. No such showing is made on the record before us, and this makes it inappropriate for us to give consideration to the appellant's other contention, namely, that the verdict, as it stands, is adequate and proper and evinces no prejudice or partiality on the part of the jury.

As to whether or not the verdict is adequate and proper, is, on application for a new trial, a matter of sound discretion in the trial court, and in the absence of an abuse of discretion, the appellate court cannot review the trial court's action. And with the question of damages, apart from such discretion, we have nothing to do.

These views lead to an affirmance. But affirmance also is to be rested upon another ground, namely, that the order under review is not appealable.

An appeal, which was substituted by the Practice act (1912) for a writ of error, lies only when the decision sought to be reviewed has not proceeded from a matter resting in discretion, but has settled definitively in the suit or proceeding the rights of the parties. *Eames* v. *Stiles,* 31 *N. J. L.* 490, 494; *Defiance Fruit Co.* v. *Fox,* 76 *Id.* 482; *Knight* v. *Cape May Sand Co.,* 83 *Id.* 597; *Handford* v. *Duchastel,* 87 *Id.* 205. The proceedings of the Circuit Court in a common law action are reviewable only after final judgment. *Taylor Provision Co.* v. *Adams Express Co.,* 72 *Id.* 220.

It is obvious that the decision in question does not definitively settle the rights of the parties in the cause. A finality would eventuate from a judgment resulting from a new trial granted. Besides, as stated, the question of granting a new trial is a matter of sound discretion. 3 *Bl. Com.* 392. That the granting of a new trial rests in the discretion of the court is fully established by all authorities. *Hilliard on New Trials,* § 6, citing *Gray* v. *Bridge,* 11 *Pick.* 188, wherein (at *p.* 191) it is held that the decision of that question is not appealable. And our Supreme Court, in *Mitchell* v. *Erie Railroad Co.,* 70 *N. J. L.* 181, held (at *p.* 183) that in the Circuit Courts the matter of granting a new trial is discretionary, and not reviewable upon error.

The judgment under review will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 13.

*For reversal*—None.