(78 South. 76)

DENSON v. ACKER.  (6 Div. 628.)

(Supreme Court of Alabama.   Nov. 15, 1917.
Rehearing Denied Feb. 16, 1918.)

1. WITNESSES ☞255(3)—REFRESHING RECOLLECTION.

The court properly permitted plaintiff to refresh his recollection from a memorandum made by him at or about the time that he submitted his offer in writing, which was substantially the same, for the repair work on a house to defendant, who accepted the same, and thereby state the contents of the alleged offer which plaintiff contended formed the basis of the contract between him and defendant.

2. APPEAL AND ERROR ☞204(1)—PRESERVATION OF GROUNDS OF REVIEW—ADMISSION OF EVIDENCE—EXCEPTIONS.

The showing on the face of the record being that defendant made no objection to a question until it had been asked and answered, and made no motion to exclude the answer, defendant's contention of error will not be considered, where there was no exception, and the bill of exceptions shows no ruling to which an exception might have been reserved.

3. APPEAL AND ERROR ☞232(2)—FAILURE TO SUSTAIN OBJECTION OF IMPROPER QUESTIONS—REVERSIBLE ERROR.

Permitting plaintiff in order to prove the alleged fact that he had done a small item of work, not included in the contract, to which he had deposed to answer over defendant's objection, specifically, that there was no claim for extra work, and, generally, that the question called for irrelevant, illegal, incompetent, and immaterial testimony, the question whether any extra work outside of that specified in the contract had been done, was not reversible error, as the complaint containing the common count for work and labor done answered the specific objection, while the general objection failed to point out that the question assumed the existence of an express contract which defendant denied.

4. APPEAL AND ERROR ☞971(5) — LEADING QUESTIONS—DISCRETION.

The trial court will not be reversed for allowing a leading question and refusing to exclude the answer thereto.

5. WITNESSES ☞255(2)—REFRESHING RECOLLECTION BY REFERENCE TO BILL.

Although the witness did not do the work, where he inspected the work when completed and made a bill for the same, it was not error abstractly speaking to allow him to refresh his recollection by consulting the bill.

6. APPEAL AND ERROR ☞1048(4)—REFRESHING RECOLLECTION—HARMLESS ERROR.

That witness was permitted to refresh his recollection by referring to a bill would be harmless; it not appearing that he thereafter testified to anything shown by the bill, though he did say that he was sure the bill was reasonable.

7. TRIAL ☞84(2) — GENERAL OBJECTIONS TO TESTIMONY.

In suit for value of repairs, question asked a witness acquainted with prices of the sort in controversy, calling for his opinion as to the value of the work, was not subject to a general objection that it was incompetent, immaterial, irrelevant, and illegal.

8. WITNESSES ☞286(2)—REDIRECT EXAMINATION—DISCRETION.

Permitting plaintiff to ask a question which should properly have been asked on the first direct examination was within the discretion of the trial court.

9. EVIDENCE ☞548—EXPERTS — HYPOTHETICAL QUESTION—KNOWLEDGE OF WITNESS.

Where a witness, acquainted with price of the sort of work in controversy, was answering an hypothetical question, it was not necessary that it should be made to appear that he was speaking from knowledge of what was done on the house in question.

10. EVIDENCE ☞548 — EXPERT — PERSONAL KNOWLEDGE.

Where the witness' answer showed that he had examined the house in question and spoke really from knowledge acquired, rather than in strict answer to the hypothesis of the question, the possibility suggested that he spoke of some house not involved was removed.

11. EVIDENCE ☞543(1)—EXPERT—COMPETENCY—VALUE.

In view of defendant's contention that he had no express contract with plaintiff in regard to the work done, a contractor of long experience, acquainted with valuation in his line in the neighborhood where the work was done, was competent to give his opinion as to the reasonable value of the work and material contributed by plaintiff to the repair of defendant's house.

12. WORK AND LABOR ☞30(2)—ACCEPTANCE OF WORK—QUESTION FOR JURY.

Where defendant denied a contract, and plaintiff sought to recover on the common counts, if the jury should find there was no contract, it was for them to determine from conflicting evidence whether defendant had voluntarily accepted plaintiff's work and material, although there was only one coat of paint, where the contract called for two; defendant having made a payment and tendered what he considered to be the balance due at a fair estimate of the value of plaintiff's work and material.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Assumpsit by W. H. Acker against W. A. Denson.   Judgment for plaintiff, and defendant appeals.   Transferred from Court of Appeals under Acts 1911, p. 449, § 6.   Affirmed.

───────────────────────────────────────────
☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The complaint was upon the common count, and the special count on contracts. The seventh, eighth, and thirteenth assignments of error are as follows:

(7) The court erred in overruling defendant's objection to the following question: "You are not a contractor; you were not skilled on that; you couldn't state positively?"

(8) Answer to said question: "No, sir; not at that time. The work was pretty high at that time."

(13) The trial court erred in overruling defendant's objection to the following question: "Mr. Mann, considering that the material on the job consisted of this bill here, which I will ask you to look over (handing paper to witness), do you understand what is on that bill? Suppose a house was 32 feet square, with the pitch of a ceiling of 10 feet, and suppose it had a projection over the eaves about a foot on all sides of that house, and that house required a new roof, except the hip rafters, and the old rafters, according to—being virtually destroyed, and it had to be braced with new stuff, a complete new roof, consisting of the decking and the shingles, all this grade No. 1 cypress, and the joists 2x4 over two rooms and part of another, about half, and the ceiling in two rooms, and patching in another, and the siding on the outside of the property, it says here, 250 feet of siding, I don't know whether it was square, maybe more than that, including a closet which—I don't believe it is conceded what the size of it is, but it was a small closet, two doors with framing and hardware put up, one window framing, and a pair of blinds, and also blinds and sash for one window complete, with the framing all around it, some framing in the main body of the building where it had to be taken out and replaced, all done with this material here, and the cornice put on one side of the house new; what would be a reasonable and fair amount to charge in such a case as that, where the house had been damaged by fire to the extent that I have just told you; what would be a reasonable value for the labor where the material bill was $117.82, and consisting of the material in this bill?"

The fifteenth and sixteenth assignments of error covered a similar objection to a question similar in its nature as that above set out.

The instruction set out in the seventeenth assignment of error was refused to defendant, and is as follows:

If you believe from the evidence that there was a contract, and that the contract was for two coats of paint, and that plaintiff did not put on the two coats of paint, then plaintiff cannot recover in this case.

W. A. Denson, of Clanton, pro se. Ivy F. Lewis, of Birmingham, for appellee.

SAYRE, J. Appellee sued appellant for the price or value of repairs done upon appellant's house. Defendant denied that there had been any agreement as to the price of the work to be done, and contended that he had paid in part and in other part tendered to plaintiff the full value of the repairs. A jury found for plaintiff, assessing his damages, and from the judgment on the verdict defendant has appealed.

[1] We find only one exception noted in the matter to which defendant's first, second, and third assignments of error refer. The precise point of the single exception shown by that part of the record to which these assignments refer is not entirely clear. In a general way, however, it appears that defendant intended to except to the use the plaintiff as a witness was permitted to make of a paper writing which, the witness said, contained a substantial, though not exact, copy of the contract under which plaintiff claimed to have done the work in dispute, or, to be a little more precise, a copy of plaintiff's offer describing the work he was to do and the price for which it was to be done. Plaintiff's testimony was that he made this offer, and that defendant had accepted it. The proper predicate for secondary evidence of the contents of the alleged offer was laid. The evidence for plaintiff went to show that the paper writing or memorandum in question had been made by plaintiff at or about the same time as the offer in writing which, according to plaintiff's testimony, had been submitted to and accepted by defendant, and that it was substantially the same as the offer. Upon this showing the court allowed the witness to refresh his recollection from the paper writing which he had before him, and so to state the contents of the alleged offer which, as plaintiff contended, formed the basis of the contract between him and defendant. While it may be doubted that defendant reserved any exception to this ruling of the court, we think there could, in any event, have been no error in the court's ruling.

[2] The showing upon the face of the record is that defendant made no objection to the question put to plaintiff as a witness, viz.: "Did you fulfill your contract as you agreed to do it?" until the question had been asked and answered, nor was there any motion to exclude the answer as there should have been if, as appellant, defendant, suggests, the question was answered before he had an opportunity to object. Nothing of that appears in the bill of exceptions. Furthermore—and ordinarily this would be considered conclusive against the contention for error at this point—there was no exception, nor does the bill of exceptions show a ruling to which exception might have been reserved.

[3] Plaintiff, in order to get before the jury evidence of the alleged fact that he had done a small item of work not included in the contract to which he had deposed, was allowed to answer the question: "Did you do any extra work outside of the specified contract you had with Mr. Denson?" The objection was, specifically, that there was no claim for extra work, and, generally, that the question called for irrelevant, illegal, incompetent, and immaterial testimony. Our best judgment is that there was in this no reversible error. The fact that the complaint contained the common count for work and labor done answered the specific objection, while the general objection failed to point out to the court the fault, viz. that the question assumed the existence of an express contract which

defendant denied—conceding for the argument that the question was faulty in this respect as the appellant now contends. The objection now taken is highly technical, was not suggested by the objections actually interposed on the trial, and the court below cannot be put in error for that it did not take the point; and what we have here said applies, of course, to the action of the court in overruling a motion to exclude the answer; said motion being based on grounds identical with those stated against the question.

[4] The seventh assignment of error may be sufficiently answered by the suggestion that the rule which says that the trial court will not be reversed for allowing a leading question is of long standing and quite familiar. 4 Mayf. Dig. p. 1190, § 68d. The foregoing statement of the law and the authority we have cited will also suffice to answer the allegation of the error in the court's overruling the motion to exclude the answer to the same question. At the same time they suffice to answer the ninth and tenth assignments of error, which are like unto the seventh and eighth.

[5, 6] Plaintiff's witness Barbour testified that he had done some plumbing for plaintiff; the same being a part of the repair work plaintiff was doing for defendant. Although it appeared that the witness did not do the work with his own hands, he inspected the work when done, and made a memorandum bill for the same. The court allowed the witness to refresh his recollection by consulting the bill, and abstractly speaking this was not error. We may dwell further on this point by saying that no harm can be attributed to the ruling in any event, for the reason that it does not appear that the witness, having refreshed his recollection, testified thereafter to anything shown by the bill. He did afterwards say that he was sure the bill was reasonable, and defendant excepted to this statement going in evidence; but, if any part of this statement was drawn from the memorandum or bill, then what was done came to just this: The witness was allowed to testify that the price shown on the bill, whatever that was, was a reasonable price for the work done. The witness knew the work, and we are unable to find error in the ruling.

[7-10] The only objection taken to the ruling shown by the thirteenth assignment of error was that the question should have been asked on the first direct examination of the witness, and was "incompetent, immaterial, irrelevant, and illegal." The witness was a contractor, and showed himself acquainted with prices of the sort in controversy. His opinion as to the worth or value of the work in question—and that, we understand from the record, is the essence and effect of what he testified to—was not open to the general objection, while, as for the order in which the question was asked—this furnishing the matter of the specific objection—that was

within the discretion of the court. Southern Industrial Institute v. Hellier, 142 Ala. 686, 39 South. 163; Chandler Bros. v. Higgins, 156 Ala. 511, 47 South. 284; B. R. L. & P. Co. v. Saxon, 179 Ala. 136, 59 South. 584. Nor did the court err in overruling the motion to exclude the answer. Responding to the argument here made on this assignment of error—though no such argument was intimated by the objection stated in the court below—the witness, as an expert, was answering a hypothetical question which with reasonable accuracy stated the facts according to plaintiff's contention which had support elsewhere in the evidence, and it was not necessary that it should be made to appear that the witness was speaking from a knowledge of what was done on the house in question. However, his answer showed that witness had examined the job, defendant's house, and spoke really out of the knowledge thus acquired rather than in strict answer to the hypothesis of the question, and thus removed the possibility, suggested here in the brief, that he spoke of some house or job not involved in this suit.

[11] In view of defendant's contention that he had no express contract with plaintiff in regard to the work done, the witness Mann, a contractor of long experience and acquainted with values in his line in the neighborhood where the work was done, was competent to give his opinion as to the reasonable value of the work and material contributed by plaintiff to the repair of defendant's house, and this, in substance, is what the witness was allowed to testify. This disposes of the fifteenth and sixteenth assignments of error.

[12] There was no error in refusing to defendant the special instruction set out in the seventeenth assignment of error. Defendant denied a contract. Plaintiff sought to recover on the common counts in the event the jury should find there was no contract. The evidence was in conflict, but the jury may have inferred that defendant had accepted plaintiff's work and material, even though there was a contract, and even though there was one coat of paint where the contract called for two—that the real difference between the parties all along had been in respect only to the reasonable value of the work done and material furnished by plaintiff. In fact, defendant had made a payment and had tendered what he considered to be the balance due on a fair estimate of the value of plaintiff's work and material. In this state of the case, at best for defendant, it was for the jury to say whether defendant had voluntarily accepted plaintiff's work and material, though there may have been an express contract to which the work did not in all things correspond, and so to say that defendant should pay for what was done at its fair market value. Hartsell v. Turner, 196 Ala. 299, 71 South. 658.

The only remaining question relates to alleged error in overruling defendant's motion

for a new trial. It is evident that the jury found with plaintiff in all his material contentions. We have examined the evidence with due care and are unable to say that the jury were in any respect clearly wrong. In fact, it is clear that all issues of fact were morally and legally proper to be decided by the jury. Cobb v. Malone, 92 Ala. 630, 9 South. 738.

Having thus fully examined all the assignments of error and the argument in their support, we have found no error. The judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.