### Atglen Borough, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued October 5, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*William E. Parke,* for appellant.

*Joseph J. Laws,* with him *John R. Rezzola, Jr., Thomas C. Evans,* Counsel, and *Phil H. Lewis,* Deputy Attorney General, for Pennsylvania Department of Highways, intervening appellee.

*Harris J. Latta,* Assistant Counsel, with him *Albert E. Luttrell,* Assistant Counsel, and *Lloyd S. Benjamin,* Counsel, for Pennsylvania Public Utility Commission.

*L. K. Connell,* for Pennsylvania Railroad Company.

PER CURIAM, October 12, 1953:

The order of the Pennsylvania Public Utility Commission is affirmed. The opinion of this Court will be filed at a subsequent date.

OPINION BY RENO, J., November 11, 1953:

Upon the application of the State Highway Department, the Pennsylvania Public Utility Commission entered an order authorizing the Department to construct an above-grade-highway crossing over the Pennsylvania Railroad tracks in the Borough of Atglen, Chester County. Although no part of the cost of construction or the land damages were or will be imposed

upon the Borough, it has appealed, and the Department was allowed to intervene as an appellee.

The Commission is vested with plenary power with respect to the construction, improvement, protection and abolition of grade crossings. Public Utility Law of May 28, 1937, P. L. 1053, §409, as amended, 66 P.S. §1179; *Wilkes-Barre v. Pa. P. U. C.*, 164 Pa. Superior Ct. 210, 63 A. 2d 452. "The question before the commission was an administrative one and its decision, if based upon substantial evidence with rational probative force, will not be disturbed by this court unless the order is capricious, arbitrary, or unreasonable, an error of law or a violation of constitutional rights": *St. Peter's Roman Catholic Congregation v. Pa. P. U. C.*, 161 Pa. Superior Ct. 64, 67, 54 A. 2d 92.

The Commission was obliged to choose between a crossing above grade, advocated by the Department, and an underpass, urged by the Borough. The evidence firmly establishes that the construction of the new highway including the proposed 6-span overhead bridge structure would involve an estimated cost of $950,038 while the new highway constructed through an underpass would cost approximately $1,083,991, a saving to the State of the difference of approximately $133,953. These figures are, as indicated, the estimates of competent engineers, but they cannot be rejected merely because they are approximations of actual costs. In a project of this magnitude the actual costs cannot be accurately calculated until the construction is finally completed. Meanwhile they furnish a substantial basis for administrative decision.

It is true, as the Borough contends, that the Commission was not furnished with complete construction plans showing the details of the substructure and superstructure of the proposed bridge. In fact, the Commission ordered the Department to submit such

plans within sixty days after the service of its order. This, however, does not demonstrate that the Commission acted capriciously or arbitrarily or that its order is not supported by substantial evidence. Necessarily, only estimated costs could be made available to the Commission at the time of its hearings and even if the detailed plans had been produced at that time, the evidence concerning the actual costs would have consisted of only enlightened expert approximations. As stated, the actual cost cannot be known until the work is finished, even contractors' bids might not truly reflect that cost. Thus, the Commission based its decision upon the best evidence obtainable at that time and we cannot hold that the evidence was not substantial. The testimony of properly qualified experts as to the probable cost of construction is competent evidence and, if believed, may afford substantial basis for a judgment. Cf. *Winters v. Schmitz*, 36 Pa. Superior Ct. 496. *Strauch v. Pittsburgh*, 70 Pa. Superior Ct. 251. See 20 Am. Jur., Evidence, §833.