R. T. CAUDLE v. HERBERT E. SWANSON AND WIFE, ELIZABETH L. SWANSON.

(Filed 30 April, 1958)

**1. Evidence § 46d—**

Witnesses with special practical knowledge of the cost of materials and labor in the construction of houses of like value and who had seen and are familiar with the house constructed for defendants by plaintiff, may testify, upon the court's finding that they are experts, as to their opinion of the reasonable cost of the construction of defendants' house, their testimony being based on facts known and observed by them and not upon hypothetical questions.

**2. Evidence § 49—**

Testimony of experts will not be admitted except in case of necessity where the proper understanding of the facts in issue requires scientific or specialized knowledge or experience, but when such testimony is necessary and is properly admitted, objection thereto on the ground that it invades the province of the jury is untenable. The distinction is noted in cases of opinion evidence by nonexpert witnesses.

**3. Trial § 49½—**

Where the jury answers the issues upon sharply conflicting evidence and the verdict is supported by competent evidence and there is nothing to show that the amount awarded was the result of bias or prejudice, the trial court may refuse motions to set aside the verdict for inadequate award and on the ground that the verdict was not supported by sufficient evidence, and, upon its opinion that the award is inadequate, increase the amount of the award with consent of defendants, the motions being

addressed to the discretion of the court and there being nothing in the record tending to show abuse of discretion.

**4. Judgments § 17b: Appeal and Error § 20—**

Ordinarily, the judgment must follow the verdict. Nevertheless, the trial court has the power, with the consent of defendants, to increase the amount of the verdict, and such additur is not prejudicial to plaintiff when plaintiff thus receives more than awarded by the jury and an amount not less than a reasonable jury might award him on the sharply conflicting evidence. The additur does not infringe plaintiff's right to trial by jury as guaranteed to him by Art. I, Sec. 19, of the North Carolina Constitution.

**5. Constitutional Law § 4—**

A party may waive his right to trial by jury.

**6. Constitucional Law § 23—**

The provision of the 7th Amendment to the Constitution of the United States guaranteeing the right of trial by jury applies only to the federal courts and not to the state courts.

APPEAL by plaintiff from *Preyer, J.,* 23 September Term 1957 of FORSYTH.

Civil action to recover upon an alleged oral contract to construct a dwelling house upon a cost plus basis.

Plaintiff's evidence in support of the allegations of his complaint shows the following facts: Plaintiff, a resident of Forsyth County, has been constructing residential and commercial buildings for 15 years. In March 1956 the defendants, who are husband and wife and residents of Forsyth County, had plans for the construction of a home, and contacted plaintiff as to building it. After preliminary conversations plaintiff and the defendants entered into an oral agreement, whereby plaintiff was to furnish the materials and labor, and build the home according to the defendants' plans, excluding the digging of a well, and the furnishing and installing of plumbing fixtures, heating and bathroom tile, for the sum of $800.00, plus the actual cost of the construction of the home in materials and labor, and plus $1.75 an hour for plaintiff's labor on the home, which was to be added to its cost. During the course of construction the defendants ordered a number of changes made in their plans, which plaintiff obeyed. The building of the home was completed about 15 September 1956. On 20 December 1956 plaintiff furnished the defendants a written itemized statement of account showing that the cost of materials and labor for the construction of their home, plus $800.00 for his services, was $15,091.99, and that the defendants had paid on the account $4,700.00. This account did not include any charge for plumbing fixtures, heating and bathroom tile. The defendants refused to pay the account, and plaintiff filed notices and claims for materialmen's and laborers' liens.

The defendants' evidence in support of the allegations of their answer shows these facts: Plaintiff and the defendants entered into an oral agreement that plaintiff would furnish the materials and labor and build a home for them according to their plans at a cost not to exceed $13,000.00, plus $800.00 for supervising the construction. Nothing was said by the parties when the contract was entered into in respect to who would arrange for the purchase of plumbing fixtures, a furnace for the home and bathroom tile. The defendants paid for the plumbing fixtures in their home $1,289.41, for the tile work $855.00, and for heating and guttering $955.00, and paid plaintiff on account $4,700.00, and they contend that they were indebted to plaintiff at the most in the sum of $13,800.00, less these amounts.

The defendants further alleged in their answer that if it should be found that the contract between them and the plaintiff had no definite limitation as to the cost of the construction of their home, that the parties contracted in contemplation of law that the cost of the home would be only those costs reasonably necessary to be incurred in its construction. The defendants offered evidence to show that during the construction of their home they made no change in their plans, and that the fair cost of its construction as it stood when completed was from $13,000.00 to $14,500.00, exclusive of any fee to the builder.

The defendants in their answer admitted "that as much as $5,991.33 may be due the plaintiff herein, which sum the defendants are prepared and have heretofore offered to pay and now offer to pay."

The following issues were submitted to the jury, and answered as appears:

"1. Did the plaintiff enter into an oral agreement with the defendants Swanson to construct a house on a cost plus basis, as alleged in the Complaint?   Answer: NO.

"2. What amount, if any, is the plaintiff entitled to recover of the defendants Swanson?   Answer: $6,192.00."

After the verdict had been accepted by the court, the judge, with the consent of the defendants, added to the recovery $500.00, and signed a judgment that the plaintiff have and recover from the defendants the sum of $6,692.00, together with the costs of this action, and the cost of filing plaintiff's liens for labor and materials.

From the judgment entered plaintiff appeals to this Court.

*Clyde C. Randolph, Jr., for plaintiff, appellant.*
*Eugene H. Phillips for defendants, appellees.*

PARKER, J.   There is no exception to the issues submitted to the

CAUDLE *v.* SWANSON.

jury. The jury found by their answer to the first issue that the plaintiff had no contract as contended for by him to build the defendants' home. The trial court in its charge to the jury on the second issue, which is what amount, if any, is the plaintiff entitled to recover of the defendants, declared and explained the law arising on the evidence if the jury found that the contract between the parties was as contended for by the plaintiff, did likewise if the jury found that the contract between the parties was as contended for by the defendants, and then instructed the jury that if they found "by the greater weight of the evidence that there was no meeting of the minds on either of the two types of contract alleged, why then Mr. Caudle would be entitled to an amount which you find it was reasonably worth to build such a house as this one about which this suit was brought." To this part of the charge plaintiff has no exception.

Edward Shelton, a witness for the defendants, testified in substance as follows: For ten years he has been continuously engaged in Forsyth County in constructing homes of a value between $12,000.00 and $18,-000.00. During this time it has been necessary for him to keep informed as to the costs of materials and labor in building various types of homes, and he is familiar with the costs of such construction for the year 1956. He saw the defendants' home while it was being built, and did some masonry work on it. He saw and went through their home after it was completed. At this point in his testimony the trial court held that he was an expert in the construction of homes of a value less than $20,000.00. He was then asked if he had an opinion satisfactory to himself, based upon his examination of the defendants' home, and upon his knowledge and experience in building matters, as to the fair and reasonable cost of constructing the defendants' home, including everything that is in it, exclusive of the fee to the builder, during the year 1956. Over the objection and exception of the plaintiff, he was permitted to answer that he had such an opinion. He was then asked what his opinion was, and over the objection and exception of the plaintiff he was permitted to answer he thought it could be built for $13,000.00 to $14,000.00 construction costs. Plaintiff assigns as error the admission of this evidence over his objection and exception.

Paul Flynt, another witness for the defendants, testified that he had been a building contractor for 8½ years, that in 1956 he was primarily engaged in building homes in Forsyth County, was acquainted with the costs of labor and materials going into home construction during that year, and had examined the defendants' home and had looked at the plans. The court held that he was an expert in the construction of residential dwellings. He was then asked if he had an opinion satisfactory to himself, based upon his examination of the defendants' home, and upon his knowledge and experience as a builder, as to the fair

and reasonable cost of constructing the home in its entirety in the year 1956, exclusive of any fee to the builder. Over the objection and exception of the plaintiff he was permitted to answer that he had such an opinion. He was then asked what his opinion was, and over the objection and exception of plaintiff he was permitted to answer $14,000.00 to $14,500.00, exclusive of any fees or profits to the builder. Plaintiff assigns as error the admission of this evidence over his objection and exception.

Plaintiff excepted to the ruling of the court holding that Edward Shelton is an expert in the construction of homes of a value less than $20,000.00. However, he states in his brief that he has abandoned his assignment of error based on the exception to such ruling. Plaintiff did not except to the court's ruling holding that Paul Flynt is an expert in the construction of residential dwellings.

"A witness experienced in a building trade, and who is shown to have had sufficient opportunity for observation, and to be adequately qualified to form a judgment as to the matter of which he undertakes to speak, may testify as to his inferences or judgment as to matters in his particular department. The statement may relate to various matters connected with the construction, condition, or repair of buildings, such as the cost of a house or other building. . . ." 32 C.J.S., Evidence, pp. 326-327. See Ibid, p. 129.

This is said in 20 Am. Jur., Evidence, Sec. 833: "The determination of the cost of certain repairs or construction is necessarily a matter of estimate by a person qualified in the class of work in question and is consequently a proper subject of opinion testimony, when given by properly qualified witnesses. Builders, contractors, or architects are competent witnesses on questions of the cost of construction or repair of buildings."

In Younce v. Lumber Co., 155 N.C. 239, 71 S.E. 329, plaintiff's alleged damages were measured by him between the contract price of sawing the timber into lumber, and what he contended was the cost of doing so. The defendant offered, as a witness on the cost of doing the work, a man who had 18 or 20 years of experience in the sawmill business, and was so engaged in 1906 and 1907, the year in which the breach of agreement is alleged to have occurred, and had manufactured lumber in some smooth and some rough land in Rutherford County. The trial court excluded this evidence. In awarding a new trial this Court said: "We think his Honor erred in excluding the evidence. It is true the witness had never been on this particular land, but he had expert knowledge of the cost of sawing and manufacturing lumber upon both smooth and mountainous lands in Rutherford County. It was proper for him to state the average cost of sawing and manufactur-

ing lumber as a fact in his experience to be considered by the jury and given such weight as in their opinion it was entitled to."

In *Sikes v. Paine*, 32 N.C. 280, the Court said: "On questions of science, or trade, and others of a similar character, persons of skill are permitted to give their opinions in evidence. . . . In all these cases of science and skill the opinion of the witness is admitted as evidence, upon the ground that he is conversant with the business to which he is called to testify, and has, therefore, peculiar knowledge concerning it."

In *Denson v. Acker*, 201 Ala. 300, 78 So. 76, plaintiff sued the defendant for the price or value of repairs done upon defendant's house. Defendant denied that there had been any agreement as to the price of the work to be done, and contended that he had paid in part and in other part tendered to plaintiff the full value of the repairs. From a judgment for plaintiff, the defendant appealed. In its opinion the Court said: "In view of defendant's contention that he had no express contract with plaintiff in regard to the work done, the witness Mann, a contractor of long experience and acquainted with values in his line in the neighborhood where the work was done, was competent to give his opinion as to the reasonable value of the work and material contributed by plaintiff to the repair of defendant's house, and this, in substance, is what the witness was allowed to testify."

In *Borough of Atglen v. Pennsylvania Public U. Com'n.*, 174 Pa. Super. 149, 100 A. 2d 138, it is said: "The testimony of properly qualified experts as to the probable cost of construction is competent evidence and, if believed, may afford substantial basis for a judgment."

The evidence shows that Edward Shelton and Paul Flynt had special knowledge of the cost of materials and labor for the construction of a home of the value of defendants' home in Forsyth County during the year 1956. Their knowledge of the cost of labor in constructing a home must necessarily be based upon the number of hours of labor that would be required to build such a home. This was a subject outside the ordinary realm of human experience. The only practical method of showing the cost of construction of defendants' home was by means of opinion evidence by persons of specialized knowledge or experience in that particular business. Both witnesses had seen and were familiar with defendants' home after it was completed. Their opinion as to the cost of its construction was based on facts known and observed by them. They were not answering hypothetical questions. The court properly allowed them to express their opinion as to the cost of construction of defendants' home to aid the jury in weighing and considering the evidence in the final determination of the case, because they possessed on this subject a superior knowledge and experience to co-ordinate and weigh the facts within their own

knowledge so as to draw the correct and proper opinion therefrom as to the cost of construction, as one without such special knowledge could not.

Plaintiff contends this evidence should have been rejected because it invades the province of the jury. This Court in *Patrick v. Treadwell,* 222 N.C. 1, 21 S.E. 2d 818, quotes this language from 20 Am. Jur., p. 653: " 'Opinion testimony of experts is only admissible in cases of necessity, where the proper understanding of facts in issue requires some explanation of those facts or some deduction therefrom by persons who have scientific or specialized knowledge or experience. Such testimony does, in a broad general sense, encroach upon the province of the jury; and when it relates to matters directly in issue, it should not be admitted unless its admission is demanded by the necessities of the individual case.' "

In Stansbury's North Carolina Evidence, p. 238, it is said: "Exceptions to the rule are recognized where the question is one of mental capacity or condition, habits of temperance or the reverse, solvency or insolvency, identity, handwriting or value. Here opinion evidence is admitted or excluded without regard to whether it touches the very issue for the jury." *Wood v. Ins. Co.,* 243 N.C. 158, 90 S.E. 2d 310, relied on by the plaintiff, is distinguishable. The opinion evidence held there to be inadmissible was that of non-expert witnesses. The assignments of error as to the admission in evidence of the opinion of Edward Shelton and Paul Flynt as to the cost of construction of the defendants' home are overruled.

Plaintiff's sole assignment of error to the charge is that the court instructed the jury that defendants offered the evidence of Paul Flynt and Edward Shelton "in support of their contention, that the amount claimed by the plaintiff was too high." This assignment of error is overruled.

The trial court denied plaintiff's motions to set aside the verdict as being contrary to the greater weight of the evidence, and as a matter of law for the reason that there is insufficient competent evidence to support the verdict, and plaintiff excepted. The judgment then recites "and the court being of the opinion that the amount of the damages as awarded by the jury are inadequate, and that judgment should be rendered in the plaintiff's favor in the additional sum of $500.00, and the defendants having consented thereto, . . . it is ordered . . . that the plaintiff recover of the defendants . . . the sum of $6,692.00, together with the costs . . . ."

The evidence offered by plaintiff and the defendants was in sharp conflict. There is sufficient competent evidence to support the verdict. Plaintiff's motions to set aside the verdict for the reasons assigned were addressed to the sound discretion of the trial judge, and in the

absence of a showing of abuse of discretion by the trial judge his refusal of such motions will not be disturbed on appeal. G.S. 1-207; *Frye & Sons, Inc. v. Francis,* 242 N.C. 107, 86 S.E. 2d 790; *Walston v. Greene,* 246 N.C. 617, 99 S.E. 2d 805. There is a vital distinction between mere inadequacy in a verdict when the evidence is in sharp conflict, and such inadequacy as would indicate a verdict was the result of bias and prejudice. And we must bear in mind that the trial judge participated in the trial, saw and heard the witnesses, and knew what took place, much of which cannot be preserved in any record. While the judgment recites the trial court was of opinion that the amount of damages awarded was inadequate, he did not exercise the power of discretion vested in him to set the verdict aside on that ground, and, in our opinion, it cannot be said that his refusal was an abuse of his discretion.

Plaintiff excepted to the judgment, and contends that the trial judge in signing a judgment, that he recover from the defendants, with their consent, $500.00 more than the jury awarded him in answer to the second issue, deprived him of his right to a jury trial as guaranteed to him by Article I, Sec. 19, of the North Carolina Constitution.

This Court said in *Cohoon v. Cooper,* 186 N.C. 26, 118 S.E. 834: "Indeed, the court had the power to reduce the verdict of its own motion so long as the plaintiff, the party in whose favor it was rendered, did not object." This Court held in *Hyatt v. McCoy,* 194 N.C. 760, 140 S.E. 807, that the judge could not reduce a verdict in favor of plaintiff from $10,000.00 to $8,000.00 without his consent. See *Isley v. Bridge Co.,* 143 N.C. 51, 55 S.E. 416. Such remittitur practice with the plaintiff's consent has been followed for many years by the courts in this State. It would seem that such procedure does not deprive a defendant of his constitutional right to have a jury assess the damages he must pay, because he will pay less under such procedure than the amount which a jury awarded by its verdict against him, and he will pay no more than a reasonable jury might award against him.

In the instant case the trial judge in his discretion refused to set the verdict aside. By the additur procedure adopted, the plaintiff, by consent of the defendants, receives no less, but in fact more, than the jury awarded him by its verdict, and he receives no less than a reasonable jury might award him on the sharply conflicting evidence in the case.

Under the remittitur procedure, part of what the jury awarded the plaintiff is taken away from him with his consent. Under the additur practice, the whole of what the jury awarded is upheld, and something in addition is given to the plaintiff, with the defendants' consent, and the departure from what the jury actually did is consented to by the party prejudiced by such departure.

If the arguments used to uphold the remittitur practice, as not depriving a defendant of his constitutional right to a jury trial are sound, then corresponding arguments used to sustain the additur procedure would also seem to be sound. To say that the arguments upholding the remittitur practice are sound, while the corresponding arguments advanced to sustain the additur procedure are not sound, necessarily leads to the absurd conclusion that a plaintiff has a greater right to a jury verdict, determining the amount of his recovery, than a defendant. It may be suggested that the additur practice deprives a defendant of his constitutional right to a jury trial. The obvious answer to that contention is that the defendant can waive that right, which he does when he consents to pay the additur, just as a plaintiff waives his constitutional right, when he consents, to a remittitur. In this State the parties to a civil action have a right to waive a jury trial. North Carolina Constitution, Art. IV, Sec. 13; G.S. 1-184; *Bartlett v. Hopkins,* 235 N.C. 165, 69 S.E. 2d 236; *Keith v. Silvia,* 233 N.C. 328, 64 S.E. 2d 178. See 11 Am. Jur., Cons. Law, Sec. 119.

The cases seem to be in conflict on the question of the power of the trial court to increase the amount of the verdict over either party's refusal to consent to the additur. In an annotation in 56 A.L.R. 2d, pp. 221-226, are set forth cases from many jurisdictions holding that under the particular facts involved that the trial court did not have the power to increase the verdict over either party's refusal to consent to the additur. In the same annotation, pp. 226-231, are set forth many cases from many jurisdictions holding that under the circumstances involved the trial court could increase the amount of the verdict.

In *Winn v. Finch,* 171 N.C. 272, 88 S.E. 332, it was held that in a buyer's action for damages for breach of warranty in the sale of a horse, where the jury, on an issue submitted, returned a verdict for the buyer for $125.00, a judgment that the seller surrender the buyer's unpaid note for the horse, and that such surrender should satisfy the damages, and that the buyer surrender the horse to the seller, was held, on plaintiff's appeal, erroneous, in that it was not germane to and did not follow the verdict. The Court said: "It is a cardinal rule that the judgment must follow the verdict, and if the jury have given a specified sum in an action for damages, the Court cannot increase or decrease the amount, nor can it change the substance of the verdict; the remedy for any error committed by the jury being a new trial." The sole authority cited to support the statement is Black on Judgments (2 Ed.), Sec. 142. The Court closes its opinion with this language: "Since this opinion was prepared, the parties have agreed that the amount of the recovery may be credited on the note, and this will be done in the court below and provided for in the judg-

ment, the costs to be paid by the defendant." It nowhere appears in this case that either party consented to the judgment, and the section cited from Black on Judgments is entitled "Judgment must follow the verdict," and the section does not refer to a case where one of the parties consents to the change. In the opinion the Court said the trial court cannot decrease the amount of the verdict, but this is in conflict with what this Court has said, as set forth above, when the plaintiff consents to the decrease. Obviously, *Winn v. Finch* is not authority for the question before us, where the defendants consented to the additur.

*Genzel v. Halvorson,* 248 Minn. 527, 80 N.W. 2d 854, was decided by the Supreme Court of Minnesota on 25 January 1957. Plaintiff was a passenger in a car driven by defendant Roemer, which collided with another car driven by defendant Halvorson. Plaintiff brought suit for $56,000.00 for personal injuries sustained in the collision. The jury returned a verdict for plaintiff in the sum of $3,000.00, after which he moved in the alternative for a new trial on the issue of damages, and in the event of a denial, for a new trial on all the issues. The trial court ordered that the motion be denied on condition that each defendant consent to an entry of judgment in the sum of $9,830.92 against them jointly, and otherwise the motion for a new trial on all the issues was to be granted. Both defendants consented to the entry of judgment in the increased amount. Plaintiff appealed on the ground that the use of additur constituted an infringement upon his constitutional guarantee of a jury trial. Judge Murphy speaking for a unanimous court, after stating that remittitur has been established state practice for a long time, and after stating that even if *Dimick v. Schiedt,* 293 U.S. 474, 79 L. Ed. 603, which was a 5 to 4 decision, with Mr. Justice Stone dissenting, and Chief Justice Hughes, and Mr. Justice Brandeis and Mr. Justice Cardozo concurring in the dissent, is the law in the Federal Courts, they were not required to follow it, because Amend. VII to the U.S. Constitution guaranteeing trial by jury in suits at common law in the U.S. Courts is not binding upon the states, has this to say about additur in a scholarly and exhaustive opinion: "An examination of authorities from other jurisdictions indicates varying views as to the validity of additur. New Jersey and Washington have held additur to be within the power of the trial court. *Gaffney v. Illingsworth,* 90 N.J. L. 490, 101 A. 243; *Clausing v. Kershaw,* 129 Wash. 67, 224 P. 573. Additur is now provided for by statute in Washington. Rev. Code of Washington, Sec. 4.76.030. Rhode Island has a statute which requires the trial court to permit the losing party to consent to an additur before it can grant a new trial for inadequacy of damages. Public Laws of Rhode Island 1939-40, c. 946, Sec. 1. New York has held additur to be constitutional, at least when

the damages are increased to the highest amount awardable as a matter of law. *O'Connor v. Papertsian,* 309 N.Y. 465, 131 N.E. 2d 883. Massachusetts, Illinois, and Delaware hold that additur is within the power of the trial court when liquidated damages are involved. *Clark v. Henshaw Motor Co.,* 246 Mass. 386, 140 N.E. 593; *Yep Hong v. Williams,* 6 Ill. App. 2d 456, 128 N.E. 2d 655; *Rudnick v. Jacobs,* 9 W. W. Harr. 169, 39 Del. 169, 197 A. 381. California and Pennsylvania hold additur to be beyond the power of the trial court. *Dorsey v. Barba,* 38 Cal. 2d 350, 240 P. 2d 604; see, *Raymond L. J. Riling, Inc. v. Schuck,* 346 Pa. 169, 171, 29 A 2d 693, 694. Wisconsin permits the trial court to give the plaintiff the option of accepting the lowest amount of damages a fair-minded jury would probably allow or to have a new trial, *Risch v. Lawhead,* 211 Wis. 270, 248 N.W. 127, or it can give the defendant the option to be assessed the highest amount of damages a fair-minded jury would probably allow or to have a new trial. See, *McCauley v. International Trading Co.,* 268 Wis. 62, 71, 66 N.W. 2d 633, 638. While it is apparent there is a wide area of disagreement among the authorities as to this issue, we think that the better authority, as expressed by Mr. Justice Stone's dissent in *Dimick v. Schiedt, supra,* as well as a reasonable appraisal of Minn. Const. art. I, Sec. 4, in the light of recognized practice in this state, compels the conclusion that the practice of using additur is in the interest of the sound administration of justice and that in the case before us the trial court was within its constitutional power in raising the amount of damages with the consent of the defendant. This practice avoids the necessity of a new trial with its accompanying expense and delay. 23 Calif. L. Rev. 536, 537. It does not prejudice the plaintiff's interests any more than the use of remittitur prejudices those of defendant. 44 Yale L. J. 318, 324. Under the practice the plaintiff receives more than the jury did award him, and if the damages as increased are still inadequate, the plaintiff may appeal on that ground, Rule 59.01(5) of Rules of Civil Procedure, at which time the appellate court will have the benefit of the trial court's judgment as to what may constitute an adequate verdict. To the extent that *Mohr v. Williams,* 95 Minn. 261, 104 N.W. 12, 1 L.R.A., N.S., 439, holds to the contrary, it is hereby overruled."

As plaintiff points out in his brief the Supreme Court of the United States held in *Dimick v. Schiedt, supra,* a 5 to 4 decision, that additur practice was contrary to the 7th Amend. to the U. S. Constitution guaranteeing jury trials in the courts of the United States. It is well settled that the 7th Amend. to the U. S. Constitution applies only to the federal courts and not to the state courts. *Furniture Co. v. Baron,* 243 N.C. 502, 91 S.E. 2d 236; *St. Louis & S. F. R. Co. v. Brown,* 241 U.S. 223, 60 L. Ed. 966; *Pearson v. Yewdall,* 95 U.S. 294, 24 L. Ed.

436; 31 Am. Jur., Jury, p. 554; new 31 Am. Jur., Jury, p. 15. The dissenting opinion of Mr. Justice Stone in the *Dimick* case—a convincing and closely reasoned opinion supported by ample authority, and concurred in by three eminent jurists—clearly points out that the reasons, for denying the power of a federal court to follow the additur practice, would require a holding denying the power of a federal court to follow the remittitur practice. The majority opinion evades this issue by pointing out that the power of a federal court, with regard to the remittitur practice, was not involved in the *Dimick* case, though recognizing that the Supreme Court had previously approved the exercise of such power. Later in *U. S. v. Kennesaw Mountain Battlefield Ass'n.,* 5 Cir., 99 F. 2d 830, certiorari denied, 306 U.S. 646, 83 L. Ed. 1045, a condemnation suit where a judgment was entered on a verdict increased from $9,000.00 to $16,000.00 by an additur, required by the District Judge and consented to by the United States, a unanimous court upheld the judgment. The Circuit Court held that the guarantees of the 7th Amendment did not apply to a condemnation proceeding. It is also held that the *Dimick* case was not controlling. The Court said: "That case, decided as it was by a closely divided court, is authority only for its own facts, and those facts are not present here. Those facts as shown by the opinions of the Circuit Court of Appeals, and of the Supreme Court, were that the trial was attended with serious error for which a new trial ought to have been granted at common law. . . ."

In *Markota v. East Ohio Gas Co.,* 154 Ohio St. 546, 97 N.E. 2d 13, (14 Feb. 1951), the Supreme Court of Ohio, in a well reasoned and learned opinion for a unanimous court by Judge Taft, which declined to follow the reasoning of the majority opinion in the Dimick case, holding that it was not binding upon them, with regard to the question as to whether the additur practice is in conflict with Section 5, Article I, of the Ohio Constitution, providing that "The right of trial by jury shall be inviolate," said: "The practice of ordering an additur, with the assent of a defendant. to increase an inadequate verdict not influenced by passion or prejudice or otherwise tainted by prejudicial error, is supported by judicial precedent. *United States v. Kennesaw Mountain Battlefield Ass'n.,* 5 Cir., 99 F. 2d 830, certiorari denied, 306 U.S. 646, 59 S. Ct. 587, 83 L. Ed. 1045. See *Krass v. American Bakeries Co.,* 231 Ala. 278, 164 So. 565; *Rudnick v. Jacobs,* 9 W. W. Harr. 169, 39 Del. 169, 197 A. 381; *Gaffney v. Illingsworth,* 90 N.J. L. 490, 101 A. 243; *Clausing v. Kershaw.* 129 Wash. 67, 224 P. 573; *Clark v. Henshaw Motor Co.,* 246 Mass. 386, 140 N.E. 593; *Secreto v. Carlander,* 35 Cal. App. 2d 361, 95 P. 2d 476; *Blackmore v. Brennan,* 43 Cal. App. 2d 280, 110 P. 2d 723, 728; note, 13 North Carolina Law Review, 514; note, 44 Yale Law Journal, 318, 323 et seq.; 66 Corpus

CAUDLE v. SWANSON.

Juris Secundum, New Trial, Sec. 207, page 512; Scott's Fundamentals of Procedure in Actions at Law, 126 *et seq*. . . . My conclusion is that where the amount of a verdict is inadequate but not so inadequate as to indicate passion or prejudice and such verdict is not otherwise tainted with error, a new trial may be denied on condition that the defendant assents to an increase in the amount of the verdict to an amount which is more than the least that a reasonable jury would have awarded. I believe that this rule, just as does the practice with respect to remittitur, will frequently enable the trial court or a reviewing court to accomplish substantial justice, without awarding a new trial where a new trial might otherwise be required."

All plaintiff's assignments of error as to the admission of evidence, and as to the charge, are without merit. A study of the whole conflicting evidence offered by the parties shows that the trial judge did not commit an abuse of discretion in refusing, on plaintiff's motions, to set the verdict aside. The verdict that the plaintiff is entitled to recover of the defendants $6,192.00 stands without change." If we should hold that the court lacked the power, without plaintiff's consent, to sign the judgment that plaintiff, with the defendants' consent, should recover from the defendants $500.00 more than the jury awarded him, we would be required to remand the case for a judgment upon the verdict in the sum of $6,192.00, which would mean a loss to the plaintiff of $500.00. Plaintiff has had one jury trial free from error. He has no right to two jury trials. The additur procedure followed here, with the defendants' consent, in no way infringed upon plaintiff's right to a trial by jury as guaranteed to him by Article I, Sec. 19, of the North Carolina Constitution.

No Error.